## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
## AND JAMES CITY COUNTY

J. S. Sutton
Construction, Inc.

v.

Joe S. Beck,
t/a H.M.A. Corp.

### August 31, 1992

### Case No. (Law) 6215

BY JUDGE WILLIAM L. PERSON, JR.

I find for the defendant in [this case].

On or about December 16, 1991, the Plaintiff and Defendant entered into an agreement whereby the Defendant was to rent certain equipment and a pontoon boat from the Plaintiff. In its Motion for Judgment, Plaintiff alleged that the Defendant had failed to pay the rent and had lost the pontoon boat.

Following presentation of evidence at trial, the Court sustained a motion to strike all evidence regarding damages except for those damages related to the lost pontoon boat which the Court deferred ruling upon. The Court found that there was no negligence involved in the mooring of the pontoon boat and that the Plaintiff's claim must rely upon the terms of the December 16, 1991, contract. As the agreement does not specifically refer to "loss," the remaining issue is whether the term "damage" includes the loss of rented items. The Court finds, based upon the evidence, that the term "damage" does not include the loss of the pontoon boat.

The agreement first refers to "damages" in the second paragraph. This provision relates to inspection of the pontoon boat and the equipment before and after its rental to the Defendant. At the time of inspection, "any damage that apparently occurred since delivery . . . will be noted." As this assumes the pontoon boat is present for any inspection, "damage" cannot include the loss of the entire boat.

The term is encountered again in the contract's third paragraph. That paragraph states that "[b]y signing this agreement . . . [the Defendant] agrees to be responsible for any damage to the equipment occurring while in [the Defendant's possession]." Such damage "will be paid or within 5 days of invoice." Though the terms are not explicitly linked in the contract, the Defendant asserts that the type of damage referred to in the third paragraph is the same as that in the second.

"Words used by the parties are to be given their usual, ordinary and popular meaning, unless it can be clearly shown in some legitimate way that they were used in some other sense, and the burden of showing this is always upon the party alleging it." *Ames v. American Nat. Bank*, 163 Va. 1 (1934); *Rosenberg v. Turner*, 124 Va. 769 (1919).

The Random House Dictionary of the English Language, Unabridged Edition, defines "damage" as "injury or harm that impairs value or usefulness." "Loss" is defined as:

> 1. detriment or disadvantage from failure to keep, have, or get . . . 4. the state of being deprived of or of being without something that one has had . . . 5. the accidental or inadvertent losing of something dropped, misplaced, stolen, etc.

Even if the term "damages" in the third paragraph is not linked to that in the second, the use of "damages" in the third paragraph cannot be construed to include loss of the pontoon boat. It is clear from the definitions of these terms that the Defendant only agreed to be responsible for injury or harm to the rented items. The Plaintiff has not demonstrated any other reasonable construction. Therefore, the Defendant is not liable for the loss of the pontoon boat.